FILED
2022 Aug-24 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PETER LONGWOOD, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 47-CV-2022-900802.00 |
| ) | |
| RONNIE CASTILLO PEREZ, an ) | |
| individual, TOTAL QUALITY ) | |
| LOGISTICS, LLC a foreign limited liability ) | |
| company, ) | |
| ) | |
| Defendants. ) | |

# NOTICE OF REMOVAL

Defendant, Total Quality Logistics, LLC (hereinafter referred to as "TQL"),[1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of Madison County, Alabama, to the U.S. District Court for the Northern District of Alabama, Northeastern Division. In support of this removal, TQL states as follows:

## I.   PROCEDURAL BACKGROUND

1. On July 19, 2022, Peter Longwood ("Plaintiff") filed a Complaint against TQL, Ronnie Castillo Perez ("Perez") in Madison County, Alabama, Case No. 47-CV-2022-900802. *See* Ex. A.

2. On August 1, 2022, Gallagher Bassett ("Bassett") intervened in the litigation.

3. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as Ex. B.

---

[1] By filing this notice of removal, Defendants do not concede that they are proper parties to this action, nor do they concede that service was proper.

1

4. TQL was served with the summons and complaint on July 25, 2022.

5. This notice is being filed in the United States District Court within thirty days after service of the Complaint upon Defendant TQL and therefore, is timely under 28 U.S.C. § 1446(b).

6. Defendant filed a notice of filing this notice of removal with the Circuit Court of Madison County, Alabama, a copy of which is attached as Ex. B.

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff, Defendants, the Intervenor, and the amount in controversy exceeds the threshold for federal diversity jurisdiction.

II. **DIVERSITY JURISDICTION**

8. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty days of the date Defendant TQL was served with the summons and complaint, and therefore, it complies with the procedural requirements of 28 U.S.C. §1446(b).

A. **There is Complete Diversity of Citizenship between the Parties.**

9. This action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).

10. The Plaintiff resides in Madison County, Alabama, and is a citizen of the State of Alabama. *See* Ex. A, Complaint.

11. Perez resides in Orange County and is a citizen of the State of California. *See* Ex. A, Complaint.

12. Gallagher Bassett Services, Inc. is a foreign corporation with its principal place of business in Tennessee and its place of incorporation in Delaware. *See* Ex. C, Secretary of State.

13. Total Quality Logistics, LLC, is organized under the laws of Ohio with its principal place of business in Cincinnati, Ohio. Its member entities are KGBO Holdings, Inc. (an Ohio S-corporation), KMB Holdings, LLC (an Ohio, LLC), and MJZ Holdings, LLC (an Ohio, LLC).

14. KMB Holdings, LLC's members are Kerry Byrne (Ohio resident), Margaret Byrne (Ohio resident), Byrne Stock Trust, and MRB SLAT (both Ohio Trusts). MJZ Holdings, LLC's member is Michael Zins, an Ohio resident. For purposes of diversity jurisdiction, Total Quality Logistics, LLC is a citizen of the State of Ohio. 28 U.S.C. § 1332(c)(1).

15. Furthermore, under the amended removal statute, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(a). *Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

16. Accordingly, there is complete diversity among the parties.

**B.    The Amount-In-Controversy Requirement is Satisfied.**

16. Traditionally, the amount in controversy is gleaned from the damages clause in the complaint. But in cases like the instant case "[i]f a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the.... jurisdictional requirement.'" *Rowe v. Michelin. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996). To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe*, 613 F. 3d at 1061 ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal").

17. Legal precedent from the U.S. Court of Appeals for the Eleventh Circuit permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id*. at 754. Simply put, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); see also *Williams v. Best Buy Co., Inc*., 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Rowe*, 613 F.3d at 1061-62.

18. Based on the nature of the incident and the workers' compensation carrier's subrogation interest it seeks to protect via its motion to intervene, Plaintiff seeks significant damages that exceeds $75,000.

19. The incident that makes the basis of Plaintiff's complaint took place on March 1, 2021. *See* Complaint ⁋ 5 Ex. A. Plaintiff was operating a forklift to unload a tactor trailer. *Id*. While Plaintiff was attempting to exit the trailer, Defendant Perez allegedly pulled away from the loading dock. *Id*. at 6. Upon Perez allegedly pulling away from the loading dock, Plaintiff's forklift and Plaintiff fell from the back of the trailer. *Id*.

20. As a result of the incident, Plaintiff claims to have suffered injuries to his neck, back, left shoulder, left knee, left hand, and left wrist. *Id*. at 7.

21. The Plaintiff avers that the negligent conduct of Perez directly or proximately caused his injuries and demands compensatory damages. *Id*. (*See Yates v. Medtronic, Inc.*, No. CA

08-0337-KD-C, 2008 WL 4016599, at *4 (S.D. Ala. Aug. 26, 2008) (alleged injuries less serious than death have been found to satisfy the amount in controversy requirement) (quoting *Gebbia v. Wal-–Mart Stores,* 233 F.3d 880, 888 (5th Cir. 2000) (alleged damages in a slip and fall case for "medical expenses, physical pain, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount).

22. Additionally, the preponderance of the evidence establishes that the amount in controversy is met. Plaintiff in our case seeks to recover for past and future medical bills, physical pain, emotional distress, and loss wages. *Id*. at ¶ 9. Also, Plaintiff claims permanent disability and loss of quality of life. *Id*.

23. Furthermore, as a result of the incident that makes the basis of this litigation, Gallagher Bassett, the workers' compensation carrier, has paid $29,678.93 in indemnity benefits and $67,927.13 in medical expenses. *See*. Motion to Intervene ¶ 3 Ex. D. Further Gallagher Bassett Service Inc. has a statutory workers' compensation lien that it seeks to protect in the amount of $97,606.06. *Id*.

24. Considering the workers' compensation carrier paid $67,927.13 to cover Plaintiff's medical expenses and has a lien in the amount of over $97,000.00, Defendant TQL has met its burden of showing the case in controversy is greater than $75,000.

    **B.**    **The Other Prerequisites for Removal Have Been Satisfied.**

25. Defendant, in addition to satisfying the requirements of diversity jurisdiction, satisfied all other requirements for removal.

26. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

27. Defendant has not previously removed this action.

28. Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

29. Removal to this district and division is proper under 28 U.S.C. § 81(a)(3) because this district and division embrace the Circuit Court of Madison County, Alabama, the forum in which the removed action was pending.

30. In accordance with 28 U.S.C. § 1446(d), Defendant promptly provided written notice of the filing of this Notice of Removal to Plaintiff and filed a Notice of Filing the Notice of Removal with the Clerk of the Circuit Court of Madison County, Alabama, where this action was pending. A copy of the Notice of Filing Notice of Removal is attached as Ex. D.

31. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

**WHEREFORE**, Defendant Total Quality Logistics LLC. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Madison County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division.

Respectfully submitted this 24th day of August 2022.

*/s/Rodney Dillard II*
Rodney Dillard II (DIL027)
*Attorney for Total Quality Logistics LLC*

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, P.C.
420 North 20th Street
Shipt Tower, Suite 1400

Birmingham, AL 35203-5202
Telephone: (205) 328-0480
Facsimile:  2(05) 322-8007
rdillard@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the CM/ECF e-filing system and/or U.S. Mail, this the 24th day of August 2022.

William C. Brashaw
William A. Hassinger, I
Wettermark & Keith, LLC
100 Grandview Pl, Suite 530
Birmingham, AL 35243
cbrashaw@wkfirm..com
whassinger@wkfirm.com
*Attorneys for Plaintiff*
*Peter Longwood*

Ronnie C. Perez
222 W Fir St.
Brea, CA 92821
*Pro Se Defendant*

John C. Webb, V
Lloyd Gray, Whitehead &Monroe, PC
880 Montclair Road, Suite 100
Birmingham, AL 35213
jwebb@lgwmlaw.com
*Attorney for Intervenor*
*Gallagher Bassett*

                                         /s/ Rodney Dillard II
                                         OF COUNSEL