FILED

2022 Aug-24  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



**AlaFile E-Notice**

47-CV-2022-900802.00

To: TOTAL QUALITY LOGISTICS, LLC
4000 EAGLE POINT
CORPORATE DR.
BIRMINGHAM, AL, 35242

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

PETER LONGWOOD V. RONNIE CASTILLO PEREZ ET AL
47-CV-2022-900802.00

The following complaint was FILED on 7/19/2022 4:29:46 PM

Notice Date:      7/19/2022 4:29:46 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

*Defendant's copy*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2022-900802.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**PETER LONGWOOD V. RONNIE CASTILLO PEREZ ET AL**

**NOTICE TO:** TOTAL QUALITY LOGISTICS, LLC, 4000 EAGLE POINT CORPORATE DR., BIRMINGHAM, AL 35242

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILLIAM CHANNING BRASHAW

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3595 Grandview Pkwy, Suite 350, BIRMINGHAM, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of UNDERLINE PETER LONGWOOD pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 07/19/2022 | /s/ DEBRA KIZER | By: *Kp* |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ WILLIAM CHANNING BRASHAW
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____.
*(Date)*

| _____ | _____ | *(Address of Server)* |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

DOCUMENT 1

ELECTRONICALLY FILED
7/19/2022 4:30 PM
47-CV-2022-900802.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47 | |
|---|---|---|---|
| | | Date of Filing:<br>07/19/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### PETER LONGWOOD v. RONNIE CASTILLO PEREZ ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER

R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO  Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
BRA170

| 7/19/2022 4:30:33 PM<br>Date | /s/ WILLIAM CHANNING BRASHAW<br>Signature of Attorney/Party filing this form |
|---|---|

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
7/19/2022 4:30 PM
47-CV-2022-900802.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR MADISON COUNTY, ALABAMA

| | |
|---|---|
| PETER LONGWOOD, an individual, **PLAINTIFF.** ) | |
| v. ) | |
| **RONNIE CASTILLO PEREZ, an individual, and A through Z being that person, firm or corporation that owned, operated, leased, or otherwise controlled the vehicle being driven and/or negligently and/or wantonly entrusted said vehicle to Defendant, RONNIE CASTILLO PEREZ and/or ficitious defendant A through Z at the time of the collision which is the subject of this lawsuit and acted negligently and/or wantonly, whose true names and legal status are otherwise unknown to the Plaintiff, but who will be substituted by amendment when ascertained by Plaintiff and TOTAL QUALITY LOGISTICS, LLC, a foreign limited liability company,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO.** |
| **DEFENDANTS.** ) | |

## COMPLAINT

**COMES NOW**, Peter Longwood ("Plaintiff"), by and through the undersigned counsel, and hereby files this civil action for negligence, wantonness, and negligent entrustment against Ronnie Castillo Perez ("Defendant Perez") and Total Quality Logistics, LLC. ("Defendant TQL") for injuries he sustained in an accident that occurred on or about March 1, 2021.

### I.   PARTIES

1.   Plaintiff is and was a resident citizen of Madison County, Alabama.

2.   Defendant Perez is and was a citizen of California at all material times referred to herein.

3.      Defendant TQL is a foreign limited liability company which regularly does business in Alabama at all material times referred herein.

4.      The events and circumstances forming the basis of this lawsuit occurred in Jefferson County, Alabama, and the Plaintiff is seeking compensation well in excess of the jurisdictional minimums of this Court.

## II.      FACTS

5.      On March 1, 2021, Plaintiff was operating a forklift to unload Defendant TQL's tractor trailer.

6.      While Plaintiff was attempting to exit the trailer, Defendant Perez pulled away from the loading dock, causing Plaintiff's forklift and Plaintiff fall off the back of the tractor trailer.

7.      As a direct and proximate result of the impact, Plaintiff sustained injuries to his neck, back, left shoulder, left knee, left hand, and left wrist.

## III.      FIRST CAUSE OF ACTION
## (NEGLIGENCE OF DEFENDANT PEREZ)

8.      Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

9.      Plaintiff avers his injuries and damages were caused by the negligence of the Defendant Perez and/or fictitious defendant A-Z in causing the Plaintiff's fall and failed to use ordinary care of a reasonable prudent person.

10.      The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant Perez, an/or fictitious defendant A-Z while acting within the line and scope of their employment for Defendant TQL.

## IV.   SECOND CAUSE OF ACTION

### (NEGLIGENT ENTRUSTMENT OF DEFENDANT TQL)

11.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

12.     The injuries were incurred by the Plaintiff as a result of the negligent entrustment of an automobile by Defendant TQL.

13.     Defendant TQL, as the employer of Defendant Perez and/or fictitious defendant A-Z who was operating the automobile, had the right to permit and the power to prohibit the use of the automobile.

14.     Defendant had reason to know that their agent was incompetent, and was likely to operate the automobile in a negligent and reckless manner.

15.     As a direct result of Defendant negligently entrusting their agent, who operated the automobile in a negligent and reckless manner, Plaintiff, without any contributory negligence, suffered injuries.

## V.   THIRD CAUSE OF ACTION

### (NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION OF DEFENDANT TQL)

16.   Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

17.   Plaintiff avers that Defendant TQL had a duty to hire competent drivers and properly train and supervise those drivers.

18.    Defendant TQL negligently hired, trained, retained, and/or supervised Defendant Perez who caused Defendant TQL's vehicle to prematurely pull off and caused Plaintiff's fall and subsequent injury.

19.    As a proximate consequence of Defendant TQL's negligent hiring, training, supervision, and/or retention, Plaintiff was caused to be injured and damaged all to his detriment.

## IV.    FOURTH CAUSE OF ACTION

### (RESPONDEAT SUPERIOR)

20.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

21.    Defendant Perez and/or fictitious defendant A-Z, at all material times to the allegations of this complaint, was an employee and agent of Defendant TQL acting within the scope of his employment.

22.    Defendant TQL is liable for the negligent acts of Defendant Perez and/or fictitious defendants A-Z under the doctrine of respondeat superior.

## VI.    FIFTH CAUSE OF ACTION

### (NEGLIGENCE/WANTONNESS OF FICTITIOUS PARTIES A THROUGH Z)

23.    Plaintiff avers that fictitious defendant(s) A through Z, leased, owned, operated or otherwise controlled the vehicle causing Plaintiff's injury on or about March 1, 2021. Plaintiff further avers that fictitious defendant(s) A through Z negligently and/or wantonly entrusted the vehicle to Defendant on the date of the collision which is the subject of this lawsuit when fictitious defendant(s) A through Z knew, or in the exercise of reasonable care should have known, that Defendant was incompetent to control the vehicle in a safe and efficient manner. Furthermore, the Plaintiff avers that fictitious defendant(s) A through Z negligently and/or

wantonly failed to train Defendant, negligently and/or wantonly failed to supervise Defendant, and/or were otherwise negligent and/or wanton. Plaintiff further avers that as a proximate consequence of such negligence by fictitious defendant(s) A through Z, Plaintiff has been caused to be injured and damaged and permanently injured and permanently damaged.

## VII.   DAMAGES

As a result of the incident which is the subject of this action, the Plaintiff has suffered and seeks to recover for the following injuries and damages:

        (a)     Past medical bills;

        (b)     Future medical bills;

        (c)     Past and future physical pain;

        (d)     Past and future emotional distress;

        (e)     Past and future wage loss;

        (f)     Permanent disability;

        (g)     Loss of quality of life;

        (h)     All other damages proven at trial to be so entitled.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for her injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.

Respectfully submitted:

/s/ **William H. Hassinger**
William H. Hassinger (HAS018)
W. Channing Brashaw (BRA170)
*Attorneys for Plaintiff*

**OF COUNSEL:**
WETTERMARK KEITH, LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: (205) 933-9500
Facsimile: (205)977-3431
Email: cbrashaw@wkfirm.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL BY CLERK:**

Ronnie Castillo Perez
222 W Fir St, Apt E1
Brea, CA 92821-6414

Total Quality Logistics, LLC
c/o Corporate Creations Network, Inc.
4000 Eagle Point Corporate Drive
Birmingham, AL 35242